# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENORA VANESSA BROWN, et al., all of whom are Individuals residing in Illinois, </br></br>        Plaintiffs,</br></br>vs.</br></br>CERRO FLOW PRODUCTS, INC., a Delaware corporation with its principal place of business located in Illinois, et al.,</br></br>        Defendants. | )</br>)</br>)</br>)</br>)</br>)   CIVIL NO. 09-582-GPM</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      This case, which was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and removed to this Court by Defendants Pharmacia Corporation, Solutia, Inc., Monsanto AG Products, LLC, and Pfizer, Inc., on the basis of 28 U.S.C. § 1442, so-called "federal officer" removal jurisdiction, is before the Court on the "Supplement to Notice of Removal" filed by the removing Defendants (Doc. 17). In their "Supplement" the removing Defendants purport to amend their notice of removal in this matter to assert an entirely new basis for federal subject matter jurisdiction, specifically, diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). It is too late, of course, for the removing Defendants to amend their notice of removal to assert a new basis for federal subject matter jurisdiction. "A notice of removal may be amended more than thirty days after the time to remove [set out in 28 U.S.C. § 1446(b)] has expired 'only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice . . . . Completely new grounds for removal jurisdiction may not be added and missing

allegations may not be furnished, however." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006) (quoting 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3733 (3d ed. 1998 & Supp. 2005)) (collecting cases). *See also Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 785 (S.D. Ill. 2006); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 937 (S.D. Ill. 2006).[1] Accordingly, the removing Defendants' "Supplement" to their notice of removal is **STRICKEN** from the record of this case. The Court notes that a motion for remand of this case to state court for lack of federal subject matter jurisdiction is on file (Doc. 16), and the Court expects the removing Defendants to file a timely response to the motion in accordance with the Court's local rules. *See* SDIL-LR 7.1(c). Failure to file a timely response to the motion will be construed by the Court as assent to the motion to remand. *See id*. *See also Davis v. Olin Corp.*, No. 05-CV-4001-JPG, 2005 WL 3455120, at *8 (S.D. Ill. Dec. 16, 2005).

    **IT IS SO ORDERED.**

    DATED: September 8, 2009

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge

---

1. As an additional matter, the Court notes that the removing Defendants' theory of CAFA jurisdiction is completely ridiculous. In order for this case to qualify as a "mass action" under the statute, there must be at least one hundred Plaintiffs. *See* 28 U.S.C. § 1332(d)(11)(B)(i). Here there are only thirty Plaintiffs. In addition to Lenora Vanessa Brown, Plaintiffs are: Elaine Fall-Shy Crumble; Shirley Mae Anderson; Betty Jean Perry; Dorothy L. White; Bessie Earl Nicholson; Katie Joe Sims; Katie Ruth Bell; Vanessa Carol Cannon; Queen Ella Ellis; Wilma Joe Gaston; Etta Lorraine Spencer; Felicia Dorothea Farmer; Jurline Foggy; June Ethel Plair; Gencie Mae Perkins; Hattie B. Green; Bertha Lee Hudson; Virginia Kay Falls; Melba Louise Johnson; Deloris Blaylock; Margeri Walker; Alberta Boose; Kim Vanderlis Golden; Mashonda Sharmel Young; Kathleen Ross; Lori Lee Goudey; Erica Latrice Bell; Millie Christine Peoples; and Elizabeth Beatrice Jackson.